UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ERIC DOAKS,

        Petitioner,

           v.                       CAUSE NO. 3:19-CV-1109-RLM-MGG

WARDEN,

        Respondent.

<u>OPINION AND ORDER</u>

Erik Doaks, a prisoner without a lawyer, filed a habeas corpus petition challenging his disciplinary hearing in case WCC 19-06-65, in which a hearing officer found him guilty of battery in violation of Indiana Department of Correction policy B-212, and sanctioned him with the loss of 30 days earned credit time. The Warden has filed the administrative record. Mr. Doaks didn't file a traverse and the time to do so has passed. (*See* N.D. Ind. L. Cr. R. 47-2.) Thus, this case is now fully briefed.

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. <u>Wolff v. McDonnell</u>, 418 U.S. 539, 563-567 (1974). To satisfy

due process, there must also be "some evidence" in the record to support the guilty finding. Superintendent, Mass Corr Inst. v. Hill, 472 U.S. 445, 454 (1985).

In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Supt. v. Hill, 472 U.S. at 455-456. "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision. *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

On June 5, 2019, Officer Jane Reed wrote a conduct report charging Mr. Doaks with violating offense B-212, which prohibits an inmate from "[c]omitting a battery upon another person." Indiana Department of Correction, Adult Disciplinary Process: Appendix I. https://www.in.gov/idoc/files/02-04-101%20Appendix%20I% 206-4-2018.pdf. The conduct report states:

2

> On 6-5-19 at approximately 11:07 p.m., Offender Butler was observed on CCTV going in the room that Offender Doaks was assaulted in. Offender Doaks was seen leaving the room with a sweatshirt that appeared to have [blood] on it. Offender Doaks was removed from the unit, where he admitted to assaulting Offender Butler.

(ECF 10-1 at 1).

Mr. Doaks was notified of the charge when he was served with the conduct and screening reports. He pleaded not guilty and asked, then withdrew his request, for the assistance of a lay advocate. He didn't call any witnesses but requested the security video of the southside of the prison.

Officer B. Romeo, a disciplinary hearing officer, reviewed the security video and determined that it couldn't be released to Mr. Doaks because it would jeopardize the prison's safety and security. Officer Romeo prepared a summary of the video review:

> A video review had been conducted of the above[-]named incident. Offender Doaks, Eric #273027 can be seen exiting a room and is seen with what appears to be blood on a sweatshirt. There is no audio available. End of report.

(*Id.*)

Officer Romeo conducted Mr. Doaks's hearing. (ECF 10-5 at 1.) Officer Romeo noted Mr. Doaks's statement: "I didn't assault anyone. I was the one that got jumped." Based on the conduct report and video evidence, Officer Romeo found Mr. Doaks guilty of violating offense B-212 and sanctioned him with the loss of 30 days earned credit time.

Mr. Doaks appealed Officer Romeo's decision to the facility head, arguing that he was attacked, didn't fight back, and never told Officer Reed that he had

assaulted Offender Butler, the initial aggressor. The facility head denied his first-level appeal. The Final Reviewing Authority also denied Mr. Doaks's second-level appeal.

Mr. Doaks's petition presents two grounds. In one ground, he argues there was insufficient evidence to find him guilty because he didn't admit to Officer Reed that he assaulted Offender Butler. Mr. Doaks claims that he was found guilty of battery because Officer Reed stated in her conduct report that "once [he] left the dorm [he] admitted to fighting with another offender." Mr. Doaks says that because Officer Reed never saw him batter Offender Butler and there is no evidence that he admitted to the battery, he "was found guilty on non-proven facts."

A conduct report alone can be enough to support a finding of guilt. McPherson v. McBride, 188 F.3d at 786. In the conduct report, Officer Reed said that immediately after Mr. Doaks was removed from his housing unit, he admitted to assaulting Offender Butler. See Scruggs v. Jordan, 485 F.3d 934, 940 (7th Cir. 2007) (in assessing the sufficiency of the evidence, the court "need look no further than one key piece of evidence: [his] confession"). The security video further showed Mr. Doaks exiting the room where the assault occurred and he was seen with what appeared to be blood on his sweatshirt. Officer Reed's conduct report, in conjunction with the security video, is more than "some evidence" for the hearing officer to find Mr. Doaks guilty of violating offense B-212.

4

Mr. Doaks argues there was insufficient evidence for the hearing officer to find him guilty because he never admitted to battering Offender Butler. Mr. Doaks is asking the court to reweigh the evidence, but the court isn't "required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence." McPherson v. McBride, 188 F.3d at 786. Rather, the court's role is to determine if the hearing officer's decision to revoke good time credits has some factual basis. Id. Because the hearing officer considered the evidence in this case, there was no violation of Mr. Doaks's due process rights. Supt. v. Hill, 472 U.S. at 457 (due process "does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board.") Accordingly, because the hearing officer's finding of guilt was neither arbitrary nor unreasonable, this ground does not identify a basis for granting habeas corpus relief.[1]

In the other ground of his petition, Mr. Doaks says he is entitled to relief from his disciplinary sanctions because he was defending himself against Offender Butler. There is "no constitutional right to raise self-defense as a defense in the context of prison disciplinary proceedings," Jones v. Cross, 637 F.3d 841, 848 (7th Cir. 2011), so the hearing officer had no obligation to consider Mr. Doaks's claim that he was defending himself after he was jumped by Offender

---

[1] Mr. Doaks also says that Sergeant Robinson said he would serve as a witness to the incident. Mr. Doaks didn't ask for Sergeant Robinson as a witness during either his screening or hearing. **Error! Main Document Only.**Due process is not denied when prison officials deny untimely, day-of-hearing requests for evidence or refuse to consider evidence that could have been but was not timely requested. McPherson v. McBride, 188 F.3d at 786. Mr. Doaks can't assert this claim as it is untimely.

Butler. Therefore, the hearing officer appropriately found Mr. Doaks guilty based on his admission, irrespective of why he battered Offender Butler.

Mr. Doaks received all the process to which he was entitled Under <u>Supt. v. Hill</u>, 472 U.S. at 454, and <u>Wolff v. McDonnell</u>, 418 U.S. at 563-567 for his disciplinary proceeding. The conduct report explained the basis for the battery charge and the screening report gave Mr. Doaks advance written notice of the charge. Mr. Doaks had the opportunity to call witnesses and present documentary evidence in his defense, appear before the hearing officer, and make a statement at the hearing concerning the charge. Mr. Doaks requested the assistance of a lay advocate but later changed his mind and didn't want one. (ECF 10-2 at 1; 10-3 at 1.) The hearing officer issued a written reason for his decision and the sanctions that were imposed. The hearing officer's decision was neither arbitrary not unreasonable because the evidence in the case supported it. There were no constitutional defects in Mr. Doaks's disciplinary proceedings.

As a final matter, Mr. Doaks filed a letter with the court asking to postpone the resolution of this case until after his release so that he can have additional time and access to more resources to prepare his response. (ECF 16 at 1.) Mr. Doaks's earliest possibly release date is July 19, 2020. A favorable ruling couldn't benefit Mr. Doaks were this matter postponed until after his release. Furthermore, Mr. Doaks has failed to raise any meritorious claims for relief in his habeas petition. No additional time is warranted, and his request will be denied.

Mr. Doaks doesn't need a certificate of appealability to appeal this order, because he is challenging a prison disciplinary proceeding. *See* <u>Evans v. Circuit Court</u>, 569 F. 3d 665, 666 (7th Cir. 2009). But he can't proceed in forma pauperis on appeal because an appeal in this case could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

For these reasons, Erik Doaks's petition for writ of habeas corpus (ECF 2) is DENIED and his request for additional time to prepare his case (ECF 16) is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED on April 27, 2020.

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT